UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles M. Dominick, ) | C/A No. | 5:13-cv-02636-JFA-KDW |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| vs. ) | | |
| ) | ORDER | |
| Leroy Cartledge, Warden, ) | | |
| ) | | |
| Respondent. ) | | |
| ) | | |
| ) | | |

This matter is before the court on Petitioner's Motion for Recusal filed on January 15, 2014. ECF No. 32. Petitioner contends that after he mailed his habeas petition and attachments to the court, that he sent several letters and filed several petitions asking for copies of his habeas petition and attachments "arguing that he [would] not be able to answer the Respondents without said petition and attachments." *Id.* at 1-2. Petitioner contends that there is a high probability that the undersigned is biased because the undersigned has "refused to even answer Petitioner's petitions requesting a copy of his habeas petition and attachments, knowing it's going to prejudice Petitioner." *Id.* at 2. Petitioner asks that his petition be granted as "its more than a conflict of interest and [he] cannot get a fair hearing before the above judges, or rulings." *Id.*

A judge should recuse him or herself if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). In addition, a judge must disqualify him or herself "[w]here he has a personal bias ... concerning a party...." *Id.* § 455(b)(1). The Fourth Circuit has ruled that "a presiding judge is not required to recuse [him or herself] because of 'unsupported, irrational or highly tenuous speculation.' " *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing

*United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). The test to be applied is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.*

The undersigned has reviewed Plaintiff's allegations supporting his Motion for Recusal and finds them to be meritless. It is Petitioner's responsibility to maintain copies of documents related to his case. The court does not provide copies to litigants free of charge and the Clerk's Office charges 50 cents per page for copies. Nevertheless, the court granted in part Petitioner's Motions for copies, *see* ECF No. 39, and Petitioner was provided a copy of his Petition for Writ of Habeas Corpus docketed as ECF Nos. 1 and 1-1. Petitioner was further informed that if he wished to purchase a copy of the attachments to his Petition for Writ of Habeas Corpus, docketed as ECF No. 1-2, that he should contact the Clerk of Court to make payment arrangements. Accordingly, Plaintiff's Motion for Recusal, ECF No. 32, is denied. *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008)("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."

IT IS SO ORDERED.

February 18, 2014                                             Kaymani D. West
Florence, South Carolina                                 United States Magistrate Judge